**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*v.*<br><br>**JAHAAN ANDREWS**<br>**MUMIN HART**<br>**GEORGIA MALLOY** | **CRIMINAL ACTION**<br><br><br>**NO. 25-cr-403-(1, 3, & 4)-KSM** |

**MEMORANDUM**

**Marston, J.**                                                    **February 24, 2026**

The United States of America (the "Government") moves to exclude evidence of the alleged victim, Victor Hernandez's, misdemeanor conviction for resisting arrest.[1]  (Doc. No. 69.) Defendant Mumin Hart has filed an opposition which Defendants Jahaan Andrews and Georgia Malloy have joined.[2]  (*See* Doc. Nos. 71, 93).  For the reasons discussed below, the Court grants the Government's motion.

Because the Court writes only for the parties, the Court provides only a brief recitation of the allegations in the Indictment in this Memorandum.

**I.      Background**

On October 6, 2020, Defendants Jahaan Andrews, Mumin Hart, and Georgia Malloy worked as correctional officers at the Curran-Fromhold Correctional Facility ("CFCF") in

---

[1] The Government also moves to limit any impeachment of Hernandez regarding his prior felony convictions to asking about the fact of the conviction and the date it occurred.  Defendants do not oppose, and the Court agrees that such a limitation is proper.  The Court will also give a limiting instruction at the time Hernandez is questioned about these felony convictions.

[2] During the Court's Pretrial Conference on Wednesday, February 18, 2026, counsel for Defendants Andrews and Malloy orally joined Defendant Hart's opposition. (Doc. No. 93.)

Philadelphia.  The Government alleges that Defendants Andrews, Hart, and others violated the

constitutional rights of Victor Hernandez, a pretrial detainee incarcerated at CFCF, by using

excessive force against Hernandez and by failing to intervene to stop the use of such force.

Additionally, from on or about October 6, 2020, to on or about October 31, 2020, Defendants

Andrews and Hart and Defendant Georgia Malloy are charged with conspiring with each other

and others, to falsify records.  Defendants Andrews, Hart, and Malloy are also charged with

falsifying records on certain specific dates.  And, Defendant Andrews is charged with making a

false statement to the FBI.  All Defendants deny all the allegations against them.

As relevant to the instant motion *in limine,* Hernandez was convicted on February 2, 2015

of the misdemeanor offense of resisting arrest and sentenced to two years' probation.  (Doc. No.

69 at 3.)

## II.    Legal Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on

the admissibility and relevance of certain forecasted evidence."  *United States v. Tartaglione*,

228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).  This is "designed to narrow the evidentiary issues for

trial and to eliminate unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of Educ.*, 913

F.2d 1064, 1069 (3d Cir. 1990).  A court should only exclude evidence on a motion *in limine*

when the evidence is "clearly inadmissible on all potential grounds."  *Kaisinger v. Walmart*

*Stores, Inc.*, No. 18-cv-855, 2024 WL 1536040, at *1 (E.D. Pa. Apr. 9, 2024).

## III.    Analysis

The Government moves to prevent Defendants from impeaching Hernandez with his

misdemeanor conviction for resisting arrest.  (Doc. No. 69.)  "The predicate inquiry in an

analysis of the admissibility of [a witness's] prior criminal conviction for impeachment purposes

is a determination of how much time has elapsed since his prior conviction." *Trindle v. Sonat Marine Inc.*, 697 F. Supp. 879, 880 (E.D. Pa. 1988).  If the witness's "conviction is less than ten years old, Rule 609(a) is the operative rule." *Id.*  If, however, the witness's "criminal conviction is more than ten years old, the case is governed by Federal Rule of Evidence 609(b)." *Id.*

In the Third Circuit, it remains an open question when the 10-year period begins and ends.  *See United States v. Dubose*, 639 F. Supp. 3d 503, 514 (E.D. Pa. 2022) ("The Third Circuit has not definitively resolved when the ten-year period is deemed to begin or end, but has indicated in dicta that it begins when the witness is released from prison and ends on the date of trial.") (citing *United States v. Thomas*, 815 F. App'x 671, 677 & n.2 (3d Cir. 2020)).  Some courts have held that reimposition of a term of imprisonment for violations of parole conditions restarts the 10-year period.  *See United States v. Hampton*, No. 15-cr-302, 2017 WL 1632594, at *3 (E.D. Pa. May 2, 2017) (collecting cases).  Yet others have found that "release from confinement does not include the termination of a probationary period." *United States v. Wise*, 581 F. Supp. 3d 656, 658 (D.N.J. 2022) (quotation marks omitted).

Upon consideration of this open question and Hernandez's prior resisting arrest conviction,[3] the Court finds that the ten-year period has not elapsed.  Fed. R. Evid. 609(b).  Specifically, Hernandez was convicted of the misdemeanor offense of resisting arrest on February 2, 2015, and sentenced to two years' probation.  (Doc. No. 69 at 3.)  Trial begins on February 24, 2026, nine years after Hernandez' probationary sentence concluded on February 2, 2017.  *See Trindle*, 697 F. Supp 879 ("Most courts, when discussing the time period of a witness' prior conviction, use language which strongly implies that the time is to be measured either to

---

[3] The Government concedes that resisting arrest is a misdemeanor punishable by more than one year in prison and so Rule 609 applies. (Doc. No. 69 at 2 n.2).

the commencement of trial or to the time the witness. . . testifies at trial.'") Therefore, because

Hernandez's conviction is less than ten years old, Rule 609(a) is the operative rule here.

Under Rule 609(a)(1)(A), Hernandez's resisting arrest misdemeanor is subject to the Rule

403 balancing test.[4] Under Rule 403, the court may exclude his resisting arrest conviction "if its

probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" Fed. R. Evid.

403. Four factors are considered in weighing a prior crime's probative value against its

prejudicial effect: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the

importance of the [witness's] testimony to the case; and (4) the importance of the credibility of

the [witness]." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (quoting *Virgin*

*Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)). The ultimate inquiry is "whether the

admission of this conviction ha[s] the potential to so prejudice the jury that its weighing of all the

factual issues in the entire case may be impaired." *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir.

2014) (quotation marks omitted).

Beginning with the first factor, the Court is primarily concerned with whether the

witness's prior conviction is for the same or substantially the same conduct at issue in the case

being tried. *United States v. Greenridge*, 495 F.3d 85, 97 (3d Cir. 2007); *United States v. Cherry*,

No. 10–cv–091, 2010 WL 3156529, at *6 (E.D. Pa. Aug.10, 2010). When a prior conviction is

based on similar conduct, it generally should be "admitted sparingly" because "there is an

inevitable pressure on lay jurors to believe that if he did it before he probably did it this time."

*Cherry*, 2010 WL 3156529, at *6. Defendants concede that Hernandez's resisting arrest

conviction is very similar to the conduct at issue in the current case before the Court, as "Hart []

---

[4] Federal Rule of Evidence 609(a)(1)(A) applies because Hernandez is not a defendant in the present case. And, because the misdemeanor arrest does not involve a dishonest act or a false statement, Rule 609(a)(2) is not applicable.

claims that any force which he applied during the incident at issue herein was meant to counter [Hernandez's] resistance to and refusal to follow the lawful commands of defendants." (Doc. No. 71 at 6.) As such, the Court agrees with the Government that a jury "can hardly avoid drawing the inference that [Hernandez's] past conviction [for resisting arrest] suggests some probability that [he again]" resisted Defendants in the present case. (Doc. No. 69 at 5.) Therefore, the Court finds that evidence of Hernandez's resisting arrest conviction is highly prejudicial. This first factor leans in favor of exclusion.

Under the second factor, the Court considers the age of the prior conviction to decide whether their probative value outweighs its prejudicial effect. "The probative value of a conviction decreases as its age increases." *Cherry*, 2010 WL 3156529, at *7 (citation omitted). But the probative value of an older conviction may stay the same if there are convictions or circumstances that suggest a witnesses's "character has not improved." *See United States v. Castelluzzo*, No. 13-cr-560, 2015 WL 3448208, at *3 (D.N.J. May 29, 2015). Here, the Government calculates Hernandez's resisting arrest conviction was over eleven years ago, which suggests it is "so stale that it is 'presumptively excluded.'" (Doc. No. 69 at 5.) But, Defendants assert that because Hernandez's probation did not conclude until February 2017, it is less than ten years old. And, Defendants argue that because Hernandez has numerous subsequent convictions[5] since his resisting arrest conviction, these additional convictions suggest that Hernandez's character has not improved so his resisting arrest conviction is "not so remote that

---

[5] Since Hernandez's conviction for resisting arrest on February 2, 2015, he has been convicted twice for felony drug offenses and five times for misdemeanor drug possession. *See* MC-51-CR-00397 34-2015 (Phila Mun. Ct.) (misdemeanor possession of controlled substance), MC-51-CR-0005225-2016 (Phila Mun. Ct.) (misdemeanor possession of controlled substance), MC-51-CR-0019509-2016 (Phila Mun. Ct.) (misdemeanor possession of controlled substance), CP-51-CR-2800-2017 (Phila Comm Pl.) (felony drug offenses), MC-51-CR-0006442-2018 (Phila Mun. Ct.) (misdemeanor possession of controlled substance), MC-51-CR-0003295-2019 (Phila Mun. Ct.), CP-51-CR-6927-2022 (Phila Comm Pl.) (drug dealing convictions). (Doc. No. 71-1).

the jury should not be allowed to consider it." (Doc. No. 71 at 7.) *See Caldwell*, 760 F.3d at 287

("the probative value of an older conviction may remain undiminished if the [witness]... has

multiple intervening convictions, [ ] which could suggest his character has not improved.") The

Court is persuaded by Defendants' arguments as to this factor. Together, the fact the resisting

conviction is just shy of 10 years since the date Hernandez's probation ended, combined with his

numerous convictions since then, means that this 2015 conviction has some probative value. As

such, this factor tilts slightly in favor of admission. *Castelluzzo*, 2015 WL 3448208, at *3.

Next, the Court looks at the third and fourth factors which focus on the importance of the

Hernandez's testimony and his credibility to the claim. These factors are often recognized for

their overlapping nature.[6] *See Sharif*, 740 F.3d at 273 (finding that because plaintiff's testimony

was very important to his claim, his credibility as also "crucial to his claim"); *Seawright v.*
*Banning*, 677 F. Supp. 3d 310, 315 (E.D. Pa. 2023) ("Because [the witness's] testimony and

credibility are 'paramount,' these factors weigh in favor of the admission of conviction

evidence"). Here, there is little doubt that Hernandez's testimony and credibility will be

important to the case as the jury will have to weigh the credibility of Hernandez's testimony as

opposed to that of the correctional officers. And, while the Government's case may not be

"entirely reliant" on Hernandez's testimony, as the alleged victim of the assault, his testimony

and credibility will likely be afforded substantial weight by the jury in relation to other

witnesses. As such, the Court finds these factors weigh in favor of admission of the prior

conviction.

---

[6] Although the Government notes the Court must conduct the requisite balancing test laid out by
the Third Circuit Court of Appeals which includes all four factors, the Government's briefing did not
directly address the third and fourth factors.

In sum, the Court must weigh the timing of the conviction, together with the importance of the witness's testimony and credibility, against the specific kind of conviction—resisting arrest. Defendants do not hide the fact that this conviction is being offered because of its similarity to the issue at trial. Defendants state that they intend to defend against the allegations against them by "demonstrating that [Hernandez] was the initial aggressor in the confrontation; that whatever amount of force used by [Defendants] was necessary in order to protect [Defendants] from [Hernandez's] aggression." (Doc. No. 71 at 4.) But, it is exactly this risk that the Court must consider when it weighs the factors. *See Sharif*, 740 F.3d at 263 ("Ultimately, [t]he primary concern regarding prejudice is that the jury may believe that the [witness] has a propensity towards acting in conformity with a prior bad act."); *Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir.1967) ("[T]here is inevitable pressure on lay jurors to believe that if he did it before he probably did it this time."); *Caldwell*, 760 F.3d at 286 ("With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried") Here, the Court finds that probative value is outweighed by the highly prejudicial effect and Hernandez's 2015 resisting arrest conviction must be excluded.[7]

---

[7] Defendants argue that "while [Hernandez's] prior resisting arrest conviction may be prejudicial a jury will most certainly be able to distinguish that case from the one at bar with a curative instruction." (Doc. No. 71 at 6.) The Court disagrees. The Court does not believe that a limiting instruction will suffice to alleviate the prejudicial effect this testimony would have given Defendants' potential self-defense arguments. (*See* Doc. No. 71 at 4.)

**IV.    Conclusion**

For the foregoing reasons, the Court grants the Government's motion.  An appropriate

Order follows.